IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CLEAR CHANNEL BROADCASTING, INC., <br><br> Plaintiff, <br><br> v. <br><br> THE TRIBUNE COMPANY, LOCAL TV LLC and ANDREW FRIEDMAN, <br><br> Defendants. | Case No. 08 cv 2884 <br><br> Judge Joan B. Gottschall <br><br> Magistrate Judge Susan E. Cox |

## MOTION FOR EXPEDITED DISCOVERY

Plaintiff Clear Channel Broadcasting, Inc. ("Clear Channel"), pursuant to Rule 26(d) of the Federal Rules of Civil Procedure, requests entry of an order allowing the immediate commencement of limited expedited discovery with respect to Plaintiff's Verified Complaint for Injunctive and Other Relief and Motion for Temporary Restraining Order and Preliminary Injunction against Defendants The Tribune Company and Local TV LLC (collectively referred to as "Tribune") and Andrew Friedman ("Friedman"). In support thereof, Clear Channel states as follows:

1. Clear Channel has filed a Verified Complaint for Injunctive and Other Relief and Motion for Temporary Restraining Order alleging, against defendant Friedman, violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, breach of contract, breach of fiduciary duties and duty of loyalty, violation of the Illinois Uniform Trade Secrets Act ("IUTSA"), 765 ILCS 1065/1 *et. seq.*, and unfair competition, and against defendant Tribune, inducement of

Friedman's breach of contract, inducement of Friedman's breaches of fiduciary duties, violation of the IUTSA, and unfair competition.

2.   As more fully set forth in the pleadings, Friedman has been employed by Clear Channel in a key executive-level position until he notified Clear Channel he was terminating his employment effective May 12, 2008.  He further informed Clear Channel he was leaving to work for the Tribune in a capacity that he described as a combination of the positions he held at Clear Channel.

3.   In this action, Clear Channel seeks, among other relief, a temporary restraining order and preliminary injunction against the Tribune to prevent it from employing Friedman in a capacity that violates his noncompete agreement and misappropriating Clear Channel's trade secrets.  Clear Channel also seeks a temporary restraining order and preliminary injunction against Friedman to preserve the status quo and prevent further contractual breaches and misappropriation of Clear Channel's trade secrets, while Clear Channel seeks arbitration pursuant to Friedman's employment agreement.

4.   While Clear Channel has evidence of Defendants' wrongdoing as alleged in the Verified Complaint and other pleadings, absent discovery, it cannot yet know the full extent of wrongdoing or the damage caused therefrom.  Expedited discovery will enable Clear Channel to better ascertain the extent of Defendants' misappropriation of trade secrets and confidential information, and the extent of damage that has been and will be caused by the breaches of Friedman's employment agreement.

4.   Expedited discovery is appropriate where needed by a party to prepare for a preliminary injunction hearing.  *See Sports Design and Development, Inc. v. Schoneboom*, 871 F. Supp. 1158, 1167 (N.D.Iowa 1995).  Expedited discovery provides "a fuller record for the court

when deciding whether to issue a preliminary injunction." *Nobel Biocare USA, Inc. v. Lynch*, No. 99 C 5774, 1999 WL 958501, *4 (N.D. Ill. Sept. 15, 1999). Expedited discovery has been ordered where it would "better enable the court to judge the parties' interests and respective chances for success on the merits at a preliminary injunction hearing." *Educata Corp. v. Scientific Computers, Inc.*, 599 F. Supp. 1084, 1088 (D.Minn. 1984), *aff'd in part, rev'd in part on other grounds*, 746 F.2d 429 (8th Cir. 1985).

5. Accordingly, Clear Channel requests that this Court allow commencement of the following discovery, to be initiated immediately and completed prior to the hearing on Clear Channel's Motion for Preliminary Injunction:

    a) Interrogatories not to exceed ten (10) to each party and Production Requests not to exceed ten (10) to each party, on subject matters confined to those issues raised in Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, to be responded to within seven (7) days;

    b) After receipt of Defendants' responses to initial written discovery, Clear Channel may take the deposition of up to five (5) persons (whether a party or non-party) as may be relevant; and

    c) document subpoenas on non-parties as may be relevant.

6. In light of the sensitive and confidential nature of the information that Clear Channel believes will be sought during discovery, Clear Channel has contemporaneously filed a Motion for Protective Order requesting that discovery be regulated by the terms of the proposed Protective Order attached thereto.

7.   Clear Channel is diligently working on service of the pleadings on Defendants. However, due to the emergency nature of this action and because Defendants have not yet filed appearances, consultation between the parties regarding this discovery motion, as contemplated by Local Rule 37.2, was not feasible.

WHEREFORE, Plaintiff Clear Channel Broadcasting, Inc. requests that the Court grant leave to immediately commence the foregoing discovery in accordance with the proposed Protective Order, and grant such further relief as the Court deems reasonable and appropriate.

Dated: May 19, 2008

/s/ Roger Pascal
Roger Pascal
Linda K. Stevens
Julie Furer Stahr
SCHIFF HARDIN LLP
6600 Sears Tower
Chicago, Illinois  60606
(312) 258-5500

*Attorneys for Plaintiff*
*Clear Channel Broadcasting, Inc.*

CH1\5741210.2