IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CLEAR CHANNEL BROADCASTING, INC., ) <br> Plaintiff, ) <br> v. ) <br> ) <br> THE TRIBUNE COMPANY, LOCAL TV LLC, ) <br> and ANDREW FRIEDMAN, ) <br> Defendants. ) <br> ) | No. 08 cv 2884 <br><br> Judge Joan B. Gottschall <br> Magistrate Judge Susan E. Cox |

## DECLARATION OF JAMES RUSSELL GILBERT

I, James Russell Gilbert, do hereby declare and state as follows:

1. I have personal knowledge of the facts set forth herein and would be competent to testify to these matters if called upon to do so at trial.

2. My name is James Russell Gilbert. I am a Vice-President of Innovations for Tribune Interactive, a Tribune Company business.

3. I have been employed by the Tribune Company since March 1, 2008. My responsibilities at the Tribune Company primarily involve the development of new technology platforms and web-related systems for the Tribune Company.

4. In March or April, Andrew Friedman ("Mr. Friedman") contacted me regarding his decision to pursue new employment opportunities. After that, Mr. Friedman and I had several employment-related discussions.

5. As I recall, the subject matters of those discussions consisted entirely of the following: 1) potential employment opportunities for Mr. Friedman and 2) Mr. Friedman's dissatisfaction with his employment at Clear Channel Broadcasting, Inc. ("Clear Chanel"). I do not recall having any discussions with Mr. Friedman

about any details of Clear Channel's business, other than Mr. Friedman's various comments about his dissatisfaction with his job status at Clear Channel and Mr. Friedman's belief that Clear Channel did not value his contributions to the Company, and the like.

6. The Tribune Company is not interested in Clear Channel's internet or online initiatives, business plans, or related strategies. I have never sought to obtain information about that subject from Mr. Friedman, nor am I aware of any one at the Tribune Company doing so.

7. To my knowledge, Mr. Friedman did not bring any Clear Channel business information with him to his new position at Local TV LLC, and he is not using any Clear Channel information to carry out his current duties as an employee of Local TV LLC.

8. In my view, the Tribune Company does not compete with Clear Channel. The Tribune Company is primarly devoted to its newspaper and television businesses, while Clear Channel's business is radio and outdoor advertising. I understand that Clear Channel's online intiatives is called Online Music and Radio. I further understand from publicly-available sources that this Clear Channel business specifically focuses on music content and de-emphasizes its news content. Although the Tribune Company does have one radio station (a news format station located in Chicago), Clear Channel does not have a news format radio station in Chicago.

9. Mr. Friedman's title at Local TV, LLC is Vice President of Interative Content. In that position, Mr. Friedman is responsible for taking stock of the news content

predominantly generated at the the Tribune Company's television stations and newspapers as well as the news content generated at the several local televisions owned by Local TV, LLC. Further, Mr. Friedman will be tasked with helping to identify and organize that content and to help facilitate the efficient, internal sharing of that information by the companies' TV stations and newspapers. The aim is to maximize the shared accessibility of substantive content among the Tribune Company's television stations and newspapers and Local TV, LLC's television stations.

10. I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 20th day of May, 2008.

_____
James Russell Gilbert