IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CLEAR CHANNEL BROADCASTING, INC., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 08 CV 2884<br>) |
| THE TRIBUNE COMPANY, LOCAL TV LLC and ANDREW FRIEDMAN, | ) Judge Joan B. Gottschall<br>)<br>) Magistrate Judge Susan E. Cox<br>) |
| Defendants. | )<br>) |

## MOTION TO SEAL EXHIBIT

Plaintiff Clear Channel Broadcasting, Inc. ("Clear Channel"), by its counsel, respectfully requests that this Court seal Exhibit A, as an attachment to Plaintiff's Declaration of Paul Miraldi ("Miraldi Declaration") on May 21, 2008. In support thereof, Clear Channel states as follows.

1.   Defendant Friedman has stated to the Court in an affidavit that he "had no obligations or responsibilities for Clear Channel on a national or local level for online content." (Friedman Aff., paragraph 7.)

2.   The Declaration of Paul Miraldi and the exhibit attached to his declaration (which is comprised of emails sent by Mr. Friedman in the course of his duties for Clear Channel) ("Exhibit A") establish that Friedman's job duties did, in fact, include active and intimate participation in the formulation and implementation of decisions regarding Clear Channel website content.

3.   Specifically, Exhibit A contains a significant detail regarding the strategies and initiatives of Clear Channel and many of the individual stations for online content, including

defendant Friedman's lists of the specific ideas he discussed with the Clear Channel stations regarding website content, his specific recommendations as to website content, as well as his detailed game plans for individual stations' implementation of Clear Channel's strategies and initiatives regarding website content.

4.    In anticipation of the hearing to be held on May 22, 2008, regarding Clear Channel's Motion for a Temporary Restraining Order and its Motion for a Protective Order, Clear Channel is submitting the Miraldi Declaration and Exhibit A to that declaration in order to provide further support for those motions and to demonstrate some of Defendant Friedman's job duties while he was employed by Clear Channel.

5.    However, the materials within Exhibit A would be considered "Attorneys Eyes Only" under Clear Channel's proposed Protective Order, as they contain detailed confidential information of Clear Channel. Indeed, as described above, the information contained in the exhibit to Mr. Miraldi's declaration is exactly the type of information that is alleged in this case to be confidential and trade secret, and protection of that information is the reason that Clear Channel filed this action, which seeks, among other relief, to enjoin Defendants' actual and threatened misappropriation of Clear Channel's trade secrets relating to its Online Radio Business and ongoing breaches of contractual obligations to Clear Channel.

6.    The need for a protective order is particularly acute in this case, where the defendant (i) initially failed to return his Clear Channel-issued laptop and (ii) then, after his counsel received a written demand for that laptop's return, deleted thousands of files from that laptop, and (ii) those deletions were made just hours before returning that computer to Clear Channel, and (iv) defendant Friedman connected no less than six portable, detachable file storage devices to his Clear Channel laptop since the beginning of the year, (v) with the most recent such

device having been connected to that laptop at the same time that Friedman was deleting thousands of files from the laptop. (See Declaration of James Zinn, filed on May 20, 2008, docket no. 16.)

7. Although Clear Channel has filed a motion asking that a Protective Order be entered in this case, that hearing on that motion has yet to occur. (The hearings on both Clear Channel's Motion for a Protective Order and its Motion for a Temporary Restraining Order were to take place yesterday but that hearing date has been continued until today May 22, 2008, at 1:45 p.m.)

WHEREFORE, Plaintiff Clear Channel Broadcasting, Inc. requests that this Court enter an Order:

(a) Permitting Clear Channel to file Exhibit A under seal;

(b) Ordering Defendants to treat the materials contained within Exhibit A as "Attorneys Eyes Only" materials, as defined in Clear Channel's proposed Protective Order, with the exception that Defendant Friedman may see Exhibit A, but may not be provided a copy of Exhibit A or any portion thereof, in any form.

Dated: May 22, 2008

/s/ Linda K. Stevens
Roger Pascal
Linda K. Stevens
Julie Furer Stahr
SCHIFF HARDIN LLP
6600 Sears Tower
Chicago, Illinois  60606
(312) 258-5500

*Attorneys for Plaintiff Clear Channel Broadcasting, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CLEAR CHANNEL BROADCASTING, INC., <br><br> Plaintiff, <br><br> v. <br><br> THE TRIBUNE COMPANY, LOCAL TV LLC and ANDREW FRIEDMAN, <br><br> Defendants. | Case No. 08 cv 2884 <br><br> Judge Joan B. Gottschall <br><br> Magistrate Judge Susan E. Cox |

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on May 22, 2008, she electronically filed the foregoing Motion to Seal Exhibit and Declaration of Paul Miraldi, without attached exhibit, with the Clerk of Court by using the CM/ECF system, which will send notification of such filing to the following:

Terri L. Mascherin
John F. Ward
Jenner & Block LLP
330 North Wabash Ave.
Chicago, Illinois 60611-7603
tmascherin@jenner.com

Joette S. Doran
Joette S. Doran & Associates, PC
2300 North Barrington Road
Suite 400
Hoffman Estates, Illinois 60169
joette@joettedoran.com

/s/ Linda K. Stevens

CH1\5754139.1