IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CLEAR CHANNEL BROADCASTING, INC. | )<br>)<br>) |
| Plaintiff, | )<br>)<br>) |
| v. | ) CASE NO. 08 CV 2884<br>) |
| THE TRIBUNE COMPANY, LOCAL TV LLC AND ANDREW FRIEDMAN | )<br>) JUDGE JOAN B. GOTTSCHALL<br>)<br>) MAGISTRATE JUDGE SUSAN E. COX<br>) |
| Defendants. | )<br>) |

**AFFIDAVIT OF ANDREW FRIEDMAN**

I, Andrew Friedman, having been duly sworn upon oath, depose and state as follows:

1.      I am a Defendant in the above-entitled action and if called as a witness in this action I could testify to the following facts based on personal knowledge.

2.      In accordance with the provisions of my Employment Agreement (Agreement) with Clear Channel Broadcasting, Inc. ("Clear Channel"), on April 30, 2008, I provided written notice of my resignation for "Good Cause" pursuant to Section 8(d) of the Agreement as my duties, responsibilities and authority had been substantially reduced. Specifically, from June 2007 to the date of my good cause resignation, I did not have any management responsibilities. See correspondence of April 30, 2008, attached hereto as Exhibit A.

3.      In response to my resignation, Clear Channel accepted my resignation for Good Cause and on May 9, 2008, Clear Channel offered me severance pursuant to Section 9(d)(1) in exchange for a "Confidential Severance Agreement and Release" which only if executed, would

extend the period of non-competition through the date of severance to December 31, 2008. See correspondence of May 9, 2008 attached hereto as Exhibit B.

4. Through my legal counsel, on May 12, 2008, I refused Clear Channel's offer of severance in writing. See correspondence of May 12, 2008 attached hereto as Exhibit C.

5. I was not recruited or solicited by either Local TV or The Tribune.

6. On May 13, 2008, I started my employment with Defendant, Local TV LLC ("Local TV").

7. In my capacity as Vice President of Interactive Content with Local TV, I do not perform the same job duties or responsibilities as I did with Clear Channel. Specifically, since June 2007, my position with Clear Channel as VP, Marketing-News, Talk & Sports was limited to advising and consulting with local non-music radio stations. Particularly, since that time I have had no obligations or responsibilities for Clear Channel on a national or local level for online content. In contrast, my present position at Local TV involves setting up a mechanism to enhance the efficient, internal on-line distribution, by and among the Tribune television stations and newspapers and the Local TV stations, of the news, sports, entertainment and feature content generated by those same television stations and newspapers.

8. I have not disclosed any confidential information of Clear Channel to Local TV, The Tribune or any third party.

9. I have not hired, assisted in hiring or solicited any Clear Channel employee to resign from Clear Channel.

10. I have not taken and I am not in the possession of any confidential information of Clear Channel.

Under penalties as provided by law, the undersigned certifies that the statements set forth in this instrument are true and correct.

_____
Andrew Friedman

Executed on this 20 day of May, 2008.

3

**From:** Friedman, Andy
**Sent:** Wednesday, April 30, 2008 10:02 AM
**To:** Miraldi, Paul
**Cc:** Harrison, Evan; Meier, Gerrit
**Subject:** Andy Friedman Resignation

Dear Paul,

This letter serves as notice of my resignation from Clear Channel, effective May 12, 2008.

Prior to June 2007, I was Vice President, News Content, responsible for the successful management of nine professionals, charged with producing website and on-air content. As of June 2007, I was assigned the title of Vice President, Marketing-News/Talk and Sports and no longer had responsibility for management of a team of highly skilled-talented professionals. I was charged with the responsibility of consulting with radio stations on their website content.

My resignation is founded upon the substantial changes in my employment from the terms outlined in my most recent contract, dated December 20, 2005 and effective though December 31, 2008. Therefore, I submit my resignation under the Good Cause provision of the contract, Section 8(d)(iii), which allows for an employee"s termination if his "duties, responsibilities or authority" have been substantially reduced.

I have enjoyed the opportunities and collaboration during my time with Clear Channel. Please accept my sincerest wishes for you and my other colleagues for continued success.

Sincerely,

**Andy Friedman**

VP, Marketing - News/Talk & Sports

**Clear Channel Online Music & Radio**

222 Northfield Rd. #201

Northfield, IL 60093

E: andyfriedman@clearchannel.com

P: 847-784-7017

C: 847-722-2712

AIM: afriedman847

(847) 784-7017

EXHIBIT A



Julie Corwin Truss
Corporate Counsel
Law & Government Affairs
Tel: (210) 832-3566
Fax: (210) 832-3123
julietruss@clearchannel.com

May 9, 2008

**Via E-Mail and Overnight Mail**

Andrew Friedman
1130 Raleigh Road
Glenview, IL 60025

RE:   Termination of Employment Agreement

Dear Mr. Friedman:

    This letter will confirm receipt of your message notifying Clear Channel of your intent to resign your employment under Section 8(d)(iii) of your Employment Agreement (the "Agreement"). For your convenience, a copy of your Agreement is enclosed.

    By your written resignation of April 30, 2008, you have elected to terminate the Agreement for "Good Cause." Thus, pursuant to Section 9(d)(1), and upon execution of the enclosed Severance Agreement and Release of Claims, you will be paid severance through December 31, 2008. As such, please note that the Non-Competition Agreement in Section 7 of the Employment Agreement shall be extended through the entire period of the severance payout. Although you have twenty-one days to consider the severance agreement, you are subject to the Non-Competition Agreement upon separation from employment. We fully expect you to comply with the terms of the Non-Competition Agreement. Further, we consider any employment accepted by you with Tribune Media in a capacity that is similar to your work for Clear Channel Online Music and Radio squarely in violation of that provision.

    In addition to the Non-Competition Agreement, please note that you have continuing obligations to Clear Channel pursuant to the Employment Agreement that survive termination, as indicated below:

- Non-disclosure of Confidential Information
- Non-hire of Company Employees – 60 days following the termination date
- Non-solicitation of Advertising Clients –60 days following the termination date

Clear Channel will pursue all appropriate legal action to enforce its rights under the Agreement in the event of a breach.

Very truly yours,

*Julie Corwin Truss*
Julie Corwin Truss
Corporate Counsel

**EXHIBIT B**

## JOETTE S. DORAN & ASSOCIATES, P.C.
### ATTORNEYS AT LAW

2300 N. BARRINGTON RD., SUITE 400
HOFFMAN ESTATES, IL 60169
TEL:(847) 490-5309
Fax: (847) 462-5994
WEBSITE: www.joettedoran.com

May 12, 2008

*Via E-Mail to julietruss@clearchannel.com and U.S. Mail*

Ms. Julie Corwin Truss
Corporate Counsel
Law & Government Affairs
Clear Channel
200 East Basse Road
San Antonio, TX 78209-8326

Re:   Andrew Friedman

Dear Ms. Truss:

I acknowledge receipt of your correspondence dated May 9, 2008 to my client, Andrew Friedman with regard to his termination of employment from Clear Channel. Specifically, Clear Channel has acknowledged and accepted Mr. Friedman's termination of the Employment Agreement ("Agreement") pursuant to the "Good Cause" provision. In that regard, Clear Channel has offered Mr. Friedman severance pursuant to Section 9(d)(1) in exchange for a "Confidential Severance Agreement and Release" which if executed, would extend the period of non-competition through the date of severance.

Let this serve to inform you that Mr. Friedman is declining to sign the offer of severance. As such, pursuant to Illinois law he is hereby released from any obligation under the Agreement regarding non-competition. Particularly, Section 7(b), entitled, "Reformation, Severability and Severance" provides, "To the extent the covenant not to compete in this Section 7 is prohibited by the law of the state in which employee is employed, the covenant not to compete shall be deemed stricken."

Please be advised that Illinois law provides that post-employment covenants not to compete are strictly prohibited. Specifically, the Illinois statute provides, "Post-employment covenants not to compete are prohibited. (a) No broadcasting industry employer may require in an employment contract that an employee or prospective employee refrain from obtaining employment in a specific geographic area for a specific period of time after termination of employment with that

EXHIBIT C

Ms. Julie Corwin Truss
May 12, 2008
Page 2

that violates Section 10 of this Act [*820 ILCS 17/10*] is liable for civil damages, attorney's fees, and costs."

Accordingly, based on the specific language of the Agreement and Illinois law, please acknowledge and consent that Clear Channel will take no action against Mr. Friedman.

Furthermore, requiring Mr. Friedman to sign the Confidential Severance Agreement and Release, which purports to affirm and extend the non-compete provision, in order to receive the severance pay to which he is otherwise entitled is itself a violation of Illinois law. Finally, let this serve as Mr. Friedman's demand for his final wages including his accrued vacation pay pursuant to the Illinois Wage Payment and Collection.

Please contact the undersigned should you wish to discuss this matter.

Very truly yours,

JOETTE S. DORAN & ASSOCIATES, P.C.

Joette S. Doran

EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CLEAR CHANNEL BROADCASTING, INC. | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 08 CV 2884 |
| THE TRIBUNE COMPANY, LOCAL TV LLC AND ANDREW FRIEDMAN | ) ) ) | JUDGE JOAN B. GOTTSCHALL |
| | ) ) | MAGISTRATE JUDGE SUSAN E. COX |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on May 21, 2008, she served the foregoing Affidavit of Andrew Friedman, via facsimile, to the following,

> Roger Pascal
> Linda K. Stevens
> Julie Furer Stahr
> SCHIFF HARDIN LLP
> 6600 Sears Tower
> Chicago, IL 60606
> Fax: (312) 258-5600
> Attorneys for Plaintiff Clear Channel Broadcasting, Inc

> Ms. Terri Mascherin
> Mr. John F. Ward Jr.
>
> JENNER & BLOCK LLP
>
> 330 N. Wabash Avenue
>
> Chicago, IL 60611-7603
>
> Fax: (312)840-7650
>
> Attorneys for Defendants The Tribune and Local TV LLC

/s/Joette S. Doran