IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CLEAR CHANNEL BROADCASTING, INC., <br><br>Plaintiff,<br><br>v.<br><br>THE TRIBUNE COMPANY, LOCAL TV LLC and ANDREW FRIEDMAN,<br><br>Defendants. | Case No. 08 cv 2884<br><br>Judge Joan B. Gottschall<br><br>Magistrate Judge Susan E. Cox |

## TEMPORARY RESTRAINING ORDER

Plaintiff Clear Channel Broadcasting, Inc. ("Clear Channel"), having filed a Verified Complaint for Injunctive and Other Relief, Motion for Temporary Restraining Order and Preliminary Injunction, and Motion for Expedited Discovery, all parties being given notice, and the Court having heard arguments of counsel and otherwise being advised on the premises;

IT IS HEREBY ORDERED THAT: *valid for 10 days*

1. A temporary restraining order is hereby entered against Andrew Friedman ("Friedman") ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

(a) enjoining Friedman from participating in the creation, programming, and/or distribution of news, entertainment, or informational content for delivery via "internet protocol (IP)" (whether through the internet or wireless transmission) to computers, cell phones, or other handheld electronic devices in the United States; ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

1

███████████████████████████████████████████████████████

(b) enjoining Friedman from hiring or assisting in the hiring of any Clear Channel employee and from encouraging, soliciting, or inducing any Clear Channel employee to resign from Clear Channel;

(c) enjoining Friedman from performing any duties ███████ that would result in actual or inevitable disclosure of Clear Channel's Confidential Information ("Confidential Information"), which includes the following:

    (1)    Which new content, programming, and features Clear Channel currently had (and did not have) in its development pipeline, and which new and "next generation" content, programming, and features Clear Channel had identified and was planning for the future, including Clear Channel's planned market positioning for that content, programming, and features;

    (2)    Information regarding Clear Channel's introduction of new content, programming, and features, including the timing and schedules for the expected launch and/or offer and associated positioning proposals for advertising clients;

    (3)    Cost, pricing, performance, and profit information regarding Clear Channel's programming, content, and features, including Clear Channel's on-line costs, Clear Channel's on-line pricing methods and strategies, and CCOMR's profit margins for all of CCOMR's offerings;

2

(4) Information regarding particular markets, audience, and on-line performance that Clear Channel has developed over time and after the investment of great expense and effort;

(5) Client information, including the needs and preferences of particular clients, contract terms, sales volume, and pricing for clients, as well as comparative or relative client information, such comparative volume, pricing, and profitability information, and which clients have the most advantageous payment and credit record;

(6) The terms and details of the contracts and business arrangements that Clear Channel has with its vendors and suppliers, including wire services, photo providers, and other content providers;

(7) Other non-public personnel information, such as the identity and compensation range of the most valued performers and those who would be most useful to a media company attempting to start or strengthen an Online/Interactive Business;

(8) Financial data, such as sales and profits forecasts, costs, and profitability data, spending priorities, and revenue goals;

(9) Information regarding the comparative profitability and other performance data for the various types of online initiatives;

(10) Clear Channel Online Music & Radio's [illegible] system for project management and its particular processes to devise, test, and implement new initiatives;

    (11) Knowledge of internal comparative benchmark performance data beyond those measured by third parties; and

    (12) Information of the foregoing types relating to the various Clear Channel radio stations with whom Friedman dealt.

  (d) enjoining the use and disclosure of Clear Channel's Confidential Information;

  (e) directing Friedman to immediately return to Clear Channel any and all documents, data, and/or files (whether in paper or electronic form) containing or reflecting or referring to any of Clear Channel's Confidential Information, including all copies, as well as all portable storage devices used in conjunction with Friedman's Clear Channel computer, and/or used to transfer Clear Channel information to or from, or to access Clear Channel information on, that computer; that he has in his possession or has provided to other parties





2. Plaintiff is granted leave to conduct limited expedited discovery as set forth in their Motion for Expedited Discovery.

SO ORDERED.

ENTERED:

_____  5/23/08
District Judge             3:55 p.m.

Prepared by:

Roger Pascal
Linda K. Stevens
Julie Furer Stahr
SCHIFF HARDIN LLP
6600 Sears Tower
Chicago, Illinois 60606
(312) 258-5500

*Attorneys for Plaintiff*
*Clear Channel Broadcasting, Inc.*

CH1\5741171.3

5