IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CLEAR CHANNEL BROADCASTING, INC., <br><br> Plaintiff, <br><br> v. <br><br> THE TRIBUNE COMPANY, LOCAL TV LLC and ANDREW FRIEDMAN, <br><br> Defendants. | Case No. 08 cv 2884 <br><br> Judge Joan B. Gottschall <br><br> Magistrate Judge Susan E. Cox |

### PROTECTIVE ORDER

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, the Court having been advised on the premises, the following Protective Order ("Order") is entered:

IT IS HEREBY ORDERED:

1. The purpose of this Order is to balance the parties' interests in pursuing legitimate avenues of discovery with the interests in limiting disclosure of sensitive and/or confidential information produced in this case, when the disclosure of such material may adversely affect the commercial, business, financial, or personal interests of the person or entity producing, or referenced in, the material.

2. Any documents produced by any party, and any exhibits attached to such documents, and any copies thereof, that contain such sensitive or confidential information may be designated as such by stamping each page thereof with the designation "Confidential" or the designation "Attorneys Eyes Only". "Confidential" material shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever and shall not, without

prior notice to and consent of the designating party, be provided to, shown to, made available to, or communicated to anyone except for (a) through (f) below. "Attorneys Eyes Only" material shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever and shall not, without prior notice to and consent of the designating party, be provided to, shown to, made available to, or communicated to anyone except for (b) through (f) below.

    a. Other parties to this action, including any employees of a party, except that disclosure to such parties shall be made only if, and to the extent, necessary for the conduct of this litigation;

    b. Counsel for the parties to this action and employees and agents of such counsel engaged in the preparation and/or evaluation of the prosecution and/or defense of this action;

    c. Any judicial officer of the court referenced above, any court to which this action might be transferred, and any appellate court; and any clerks and court reporters and members of the staff of such court, as that court deems appropriate;

    d. The reporter transcribing a deposition involving documents designated as Confidential or Attorneys Eyes Only, and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents;

    e. Any independent, non-party consultants or experts specially retained to assist counsel for the parties in the preparation and/or evaluation of the prosecution and/or defense of this action; and

    f. Any other person as to whom the parties in writing agree.

3. At the request of any party made either at the time of the deposition or within ten (10) days after receipt of the transcript thereof, any deposition testimony of any person (and any exhibits attached to such testimony) that contain confidential information shall be designated as "Confidential" or "Attorneys Eyes Only" and shall be so marked on each page so designated. Any document, deposition testimony, transcript, or exhibit so designated, and all reproductions, notes, summaries, or other information derived from or contained in such materials shall be subject to the terms of this Order. A party may, if a good faith exists to do so, pre-designate a

deposition transcript as Confidential or Attorneys Eyes Only at the time of the deposition, so long as counsel for the designating party withdraws or redesignates the transcript, as appropriate, within the ten (10) days of receipt of the transcript.

4. Upon written request counsel for a party shall provide a written list of individuals or entities to whom any other party's Attorneys Eyes Only material has been disclosed by them.

5. Before disclosure of any Attorneys Eyes Only material to persons in the categories set forth in Paragraphs 1(e) and (f) of this Order, that person shall be furnished with a copy of this Order and shall sign a copy of the "Undertaking" attached as Exhibit A to this Order. Counsel responsible for such disclosure shall retain the original of each such executed Undertaking.

6. At least five (5) business days prior to providing or exposing Attorneys Eyes Only material claimed by another party to any person described in Paragraph 1(e) of this Order who has any involvement in the executive search industry either as a consultant or employee of a search or recruitment firm (a "proposed expert"), a party proposing to show such a person such materials shall notify all other parties in writing by facsimile or hand-delivery of the name of the proposed expert, and shall simultaneously deliver to all other parties an executed Undertaking in the form of Exhibit A hereto, and a current copy of the proposed expert's curriculum vitae. Within such five (5) business days following such disclosure of the identity of the proposed expert, a party may object to showing the proposed expert any such material, and may seek a court order that such proposed expert may not be used or that Attorneys Eyes Only material may not be shown to such proposed expert. While any such objections to disclosure are pending, no confidential material may be shown to such proposed expert provided the objecting party seeks a

court order within five (5) business days of any objection, or as may otherwise be provided in writing signed by all parties.

7. To the extent any Attorneys Eyes Only material is filed with the Court or is referenced in any Court filing, such filing shall, absent prior agreement among the parties to the contrary, be made with the Clerk of the Court under seal, and shall thereafter be maintained under seal until the Court orders otherwise.

8. Whenever a party objects to the designation of any discovery material as Confidential or Attorneys Eyes Only and wishes to disclose such discovery material beyond the terms of this Order, that party ("the objecting party") shall provide the other parties with five (5) days' written notice of its objection and its desire to so disclose such information. If the party who produced the discovery material does not agree to the proposed disclosure within three (3) days of receiving such notice, the objecting party may apply to the Court for a determination of the propriety of the confidential designation. Unless and until otherwise ordered by the Court or agreed by all parties in writing, all Confidential and Attorneys Eyes Only material shall be subject to the restrictions of this Order.

9. At the conclusion of this action, including any and all appeals arising therefrom, all documents, deposition testimony, transcripts, exhibits or other material that constitute, reproduce or reflect any Confidential or Attorneys Eyes Only material, and any copies thereof, shall be returned to the party furnishing the same, except that as to those materials that constitute or contain counsel's work product, outside counsel for each party may retain one complete set of such documents.

10. The final disposition of this action shall not relieve any person who has received Confidential or Attorneys Eyes Only material pursuant to this Order from the obligation of

Case 1:08-cv-02884   Document 37   Filed 05/23/2008   Page 5 of 6

maintaining the confidentiality of such material and the information contained therein. The Court shall retain jurisdiction after such final disposition for purposes of any application to enforce the terms of this Order.

11. Nothing in this Order shall prevent any party from using any Confidential or Attorneys Eyes Only material in connection with any trial or evidentiary hearing in this action.

12. Any non-party witnesses, for trial, deposition, or other discovery request, who are called upon to produce their own confidential or proprietary information may opt-in to the protections of this Order with respect to such information by advising counsel for all parties in writing and filing a copy of said writing with the Clerk of the court captioned above.

13. This Order shall be binding on all parties to this action and respective counsel, and all those individuals signing an agreement in the form of Exhibit A hereto. This Order shall also apply to any non-party witnesses, either for deposition or at trial, to the extent they receive information designated as Confidential or Attorneys Eyes Only material under this Order.

ENTERED:

_____
District Judge

5/23/08
_____
Date

Prepared by:

Roger Pascal
Linda K. Stevens
Julie Furer Stahr
SCHIFF HARDIN LLP
6600 Sears Tower
Chicago, Illinois 60606
(312) 258-5500

*Attorneys for Plaintiff*
*Clear Channel Broadcasting, Inc.*

# Exhibit A

## UNDERTAKING

I, _____, hereby declare:

1. I have read the Protective Order entered in this action and agree to be bound by the terms thereof, and to comply with the terms thereof. I hereby submit to the jurisdiction of this Court for the purpose of enforcing the Protective Order in the event that I am alleged to have violated the terms thereof.

2. I will not disclose or use (other than for purposes of giving testimony or assisting in the prosecution or defense of this lawsuit) any of the Attorneys Eyes Only designated materials to which I receive access pursuant to this Undertaking.

3. I declare under penalty of perjury that the foregoing is true and correct.

_____
Printed Name

_____
Signature

_____
Date

CH1\5741897.2