**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CLEAR CHANNEL BROADCASTING, INC., )<br>           Plaintiff,                                     )<br>v.                                                              )<br>                                                                 )<br>THE TRIBUNE COMPANY, LOCAL TV LLC, )<br>and ANDREW FRIEDMAN,                      )<br>           Defendants.                                 )<br>                                                                 ) | No. 08 cv 2884<br><br>Judge Joan B. Gottschall<br>Magistrate Judge Susan E. Cox |

**JOINT MOTION OF THE TRIBUNE COMPANY, LOCAL TV LLC,
AND ANDREW FRIEDMAN TO QUASH PLAINTIFF'S SUBPOENAS
TO NONPARTIES MICROSOFT AND YAHOO OR FOR A PROTECTIVE ORDER**

Pursuant to Federal Rules of Civil Procedure 26(c) and 45, Defendants The Tribune Company ("Tribune"), Local TV LLC ("Local TV"), and Andrew Friedman ("Friedman" and collectively, "Defendants"), by their attorneys, respectfully move this Court to enter an order quashing the subpoenas (the "Subpoenas") issued by Clear Channel Broadcasting, Inc. ("Clear Channel" or "Plaintiff") to Microsoft Corporation (the "Microsoft") and Yahoo! Inc. ("Yahoo") or, in the alternative, for a protective order. In support of their Motion, Defendants state as follows:

**PROCEDURAL BACKGROUND**

1.      Clear Channel brought suit in this Court contending, *inter alia*, that Defendant Andrew Friedman breached his employment agreement with Clear Channel and now is a supposed threat to disclose Clear Channel's trade secrets to Tribune and/or Local TV. (Compl. ¶ 1.) Mr. Friedman's employment agreement contains a broad mandatory arbitration clause applying to: "any dispute, controversy or claim, whether based on contract, tort, statute . . . or otherwise, relating to, arising from or connected in any manner to this Agreement, or to the

alleged breach of this Agreement, or arising out of or relating to [Friedman's] employment or termination of employment." (Compl. Ex. A; Employment Agreement ¶ 16.) Under that arbitration clause, all of the claims that Clear Channel has asserted against Mr. Friedman must be arbitrated.

2. The complaint alleges claims for breach of contract, breach of fiduciary duty, and violation of the Computer Fraud and Abuse Act against Defendant Andrew Friedman ("Friedman") alone, tortious interference with contract and inducement of fiduciary breaches against the Tribune alone, and misappropriation of trade secrets and common law unfair competition against each of Friedman, the Tribune, and Local TV.

3. Contemporaneously with the filing of this suit, Clear Channel filed a Motion for Temporary Restraining Order and Preliminary Injunction seeking, among other things, to enjoin Friedman preliminarily from working for Tribune and/or Local TV.

4. In connection with its Motion for Temporary Restraining Order and Preliminary Injunction, Clear Channel also filed a Motion for Expedited Discovery. In that motion, Clear Channel argued that expedited discovery was appropriate "to prepare for [the] preliminary injunction hearing." (Mot. for Exp. Disc. at 2.)

5. Also on May 19, 2008, Clear Channel sent to Mr. Friedman a Demand for Arbitration pursuant to his employment agreement. (Employment Agreement ¶ 16.)

6. On May 23, 2008, this Court granted Plaintiff's Motion for Temporary Restraining Order, in part. The Court granted Clear Channel's request for a temporary restraining order prohibiting Friedman from performing certain job duties for Tribune, Local TV, or anyone else for ten days, and from using or disclosing Clear Channel trade secrets, but denied any relief as to Tribune Company or Local TV. (Temporary Restraining Order at 2.) Indeed, the

Court expressly found that "Clear Channel has not shown it has a likelihood of success on the merits of [its] claim" against Tribune Company and Local TV. (May 23, 2008 Order at 1.) In particular, the Court ruled that Clear Channel had not made even an initial showing of any likelihood of success on its tortious interference with contract claim against the Tribune, finding that the evidence showed that Friedman "made the initial outreach, not Tribune or Local TV." (*Id.* at 1.)

7. The Court also granted Clear Channel's motion for expedited discovery.

8. Defendant Friedman has consented to arbitration   Pursuant to the Federal Arbitration Act, an arbitration panel now has jurisdiction over all of Plaintiff's claims against Friedman, including that Friedman breached his employment contract and misappropriated trade secrets, the only claims on which the Court found any likelihood of success to support entry of a Temporary Restraining Order against Friedman.

9. On June 2, 2008, Clear Channel issued the Subpoenas, which seek *all* of Friedman's email communications from his "friedman_andy@hotmail" and "afreidman847@yahoo" email addresses -- without regard to content or subject matter -- with 61 unique individuals for all dates since November 1, 2007. The Subpoenas also seek any instant messaging communications between Friedman's "afriedman847" AOL instant messaging screen name and those same individuals. Clear Channel seeks all of Friedman's communications without regard to content or subject matter with more than 15 employees of Clear Channel, more than 5 employees of Local TV, and more than 20 nonparties, some of whom Defendants are unable even to identify. Among those non-parties, Clear Channel's Subpoenas seek *all* communications between Mr. Friedman and his wife, Jodi Carlson, without regard to the content or subject matter of those communications.

2

10. The Court should quash the Subpoenas for at least three reasons. *First*, the Subpoenas should be quashed because they improperly seek discovery relating to claims that are subject to arbitration. *Second*, even if the Subpoenas properly sought information that was not currently within the jurisdiction of an arbitration panel, they are significantly overly broad as to time because they seek Friedman's communications before he even contacted Tribune to inquire about a possible job opening. *Third*, the Subpoenas are over broad as to scope because they seek Friedman's personal email communications with 61 different individuals, including his wife, without any regard to the content or subject matter of those communications.

## ARGUMENT

11. Defendants have standing under Federal Rules of Civil Procedure 45 and 26 to seek to prohibit the production of any documents responsive to the Subpoenas. A party has standing to move to quash a nonparty subpoena under Federal Rule of Civil Procedure 45 where the subpoena seeks information that infringes upon the movant's legitimate interests. *See U.S. v. Raineri*, 670 F.2d 702, 712 (7th Cir. 1982) ("A party has standing to move to quash a subpoena addressed to another if the subpoena infringes upon the movant's legitimate interests"); *Minnesota Sch. Bds. Ass'n Ins. Trust v. Employers Ins. Co.*, 183 F.R.D. 627, 629 (N.D. Ill. 1999) ("it is well-settled that a party has standing to object to a subpoena directed at a nonparty when the party claims a "personal right or privilege" regarding the documents sought.") Here, the Subpoenas should be quashed for three reasons.

12. *First*, the subpoenas should be quashed because they improperly seek discovery relating to claims that are subject to arbitration. When an action is subject to arbitration, it is improper for a court to maintain jurisdiction to oversee discovery or to grant pre-arbitration discovery. *Fueling Advanced Techs., Inc. v. Ford Motor Co.*, No. 97 C 6479, 1997 WL 733897,

at *2 (N.D. Ill. Nov. 14, 1997) (denying plaintiff's motion for pre-arbitration discovery); *Trustees of Chicago Truck Drivers Helpers & Warehouse Workers Union (Independent) Pension Fund v. Rentar Indus.*, Inc., No. 88 C 3216, 1989 WL 153559, at *7 (N.D. Ill. Nov. 8, 1989)(denying motion to compel discovery because suit was being referred to arbitration); *Corpman v. Prudential-Bache Sec.*, 907 F.2d 29, 31 (3d Cir. 1990) ("[w]here an action has been stayed pending arbitration, a district court may not permit the parties to conduct discovery under the Federal Rules of Civil Procedure").

13. "It is well established that discovery regarding matters to be arbitrated is generally denied, absent exceptional circumstances." *Thomas O'Connor & Co. v. Ins. Co. of North America*, 697 F. Supp. 563, 567 (D. Mass. 1988). That is because permitting discovery in both the district court and the arbitral forum is "a great waste of resources and frustrates the basic purpose of the Arbitration Act which is to avoid the delay and expense of litigation." *Fueling Advanced Techs*, 1997 WL 733897, at *2 (*citing Hires Parts Serv., v. NCR Corp.*, 859 F. Supp. 349, 353 (N.D. Ind. 1994)). "The discovery and deposition rules of the Federal Rules of Civil Procedure (FRCP) apply to actions under the Federal Arbitration Act by virtue of Fed. R. Civ. P. 81(a)(3), but only as to questions such as arbitrability of the dispute and not as to the merits of the controversy sought to be arbitrated. Thus, the court will not grant a preliminary order restraining arbitration pending discovery and generally will not order discovery with regard to a matter ordered to arbitration." Fed Procedure § 4:12 (2008).

14. Clear Channel has initiated an arbitration regarding its claims against Friedman, including breach of contract and misappropriation of trade secrets. In its demand, Clear Channel expressly asked the arbitration panel to grant injunctive relief similar to the relief requested here. Although the parties disagree on the merits of Clear Channel's claims against Friedman, they

4

agree that those claims are subject to arbitration.

15. Under the authorities cited above, this Court should not permit discovery relating to claims that are within the jurisdiction of an arbitration panel. The Subpoenas should be quashed because they seek documents plainly relating to whether Friedman breached his employment agreement with Clear Channel or misappropriated Clear Channel's trade secrets, the only claims on which this Court based its May 23 Temporary Restraining Order.

16. *Second*, the subpoenas are over broad as to time because they seek Friedman's communications before he even contacted Tribune to inquire about a possible job opening. As this Court has found, Friedman made the initial outreach to Tribune regarding potential employment. (*See* May 23, 2008 Order at 1.) That contact occurred in March or April. There is nothing in the Complaint or in any other submissions by Clear Channel justifying discovery of Mr. Friedman's email dating back to November 1, 2007.

17. Nevertheless, the Subpoenas seek communications from Friedman's *personal* email accounts starting on November 1, 2007, at least four months before Friedman contacted the Tribune regarding potential employment. The Court should quash the Subpoenas because they are over broad as to time.

18. *Third*, the Subpoenas are over broad as to scope because they seek Friedman's communications from his personal email addresses with 61 different individuals, including several of his former co-workers at Clear Channel and Tribune media personalities like Paul Harvey, most of whom could not possibly have had communications with Friedman that relate to claims at issue in this case. The Subpoenas even seek personal email communications between Freidman and his wife, Jodi Carlson.

19. Courts routinely quash subpoenas that are overly broad in scope and that seek

5

information wholly irrelevant to claims raised in the proceeding. *See, e.g., Barrington v. Mortgage IT, Inc.*, No. 07-61304-CIV, 2007 WL 4370642, at **4-6 (S.D. Fla. Dec. 10, 2007) (quashing subpoena seeking irrelevant overbroad information). Moreover, as noted above, it is well-settled that a party has standing to object to a subpoena directed at a nonparty when the party claims a "personal right or privilege" regarding the documents sought." *Minnesota Sch. Bds. Ass'n Ins. Trust v. Employers Ins. Co.*, 183 F.R.D. 627, 629 (N.D. Ill. 1999).

20.  Here, the Subpoenas are over broad as to scope because they seek wholly irrelevant information, including highly personal communications between Friedman and his wife and friends. There is simply no basis to require Friedman to produce his personal emails with numerous people who have absolutely no connection to this case, particularly without any limitation on the subject matter or content of those emails. These subpoenas are the worst kind of fishing expedition among a party's personal communications.

21.  The Subpoenas also improperly seek Friedman's communications from his personal email addresses with numerous Clear Channel employees. Those communications are irrelevant to Clear Channel's claim that Friedman actually disclosed trade secrets to Tribune and/or Local TV because any discussion of confidential trade secrets between employees of the same company could not constitute trade secret misappropriation as a matter of law.

22.  Communications between Friedman and Clear Channel are similarly irrelevant to its other claims as well. Clear Channel's effort to subpoena Friedman's personal emails with Clear Channel employees is a transparent fishing expedition aimed at determining which of Clear Channel's other employees may be disgruntled and considering other employment.

23.  Because the employment status of other Clear Channel employees is not at issue in this litigation, this Court should not countenance Clear Channel's fishing expedition,

6

particularly while the parties are currently significantly burdened with conducting expedited discovery.

24. Alternatively, as parties, Defendants also have standing to challenge the Subpoenas under Federal Rule of Civil Procedure 26. *See* Fed. R. Civ. Pro. 26(c); *Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005) ("As parties, Defendants clearly have standing to move for a protective order if the subpoenas seek irrelevant information"); *Cusumano v. NRB, Inc.*, 1998 WL 673833, at *4 (N.D. Ill. Sept. 23, 1998) (defendant had standing to seek protective order forcing withdrawal of non-party subpoena which sought production of irrelevant information).

25. For each of the reasons set forth above, the Court should, in the alternative, enter a protective order prohibiting Microsoft or Yahoo from producing any documents.

26. Defendants have made several good faith attempts to reach compromise on the relevance of the Subpoenas, but have been unable to reach agreement. (*See generally* Mascherin Decl., ¶¶ 2-5.)

## CONCLUSION

WHEREFORE, Defendants request that the Court quash the Subpoenas or, in the alternative, enter a protective order prohibiting Microsoft or Yahoo from producing any documents responsive to the subpoenas.

Dated: June 3, 2008

Respectfully submitted,

THE TRIBUNE COMPANY AND LOCAL TV LLC

By: /s/ John F. Ward_____
         One of their Attorneys

David J. Bradford
Terri L. Mascherin
John F. Ward, Jr.
Jason J. Green
JENNER & BLOCK LLP (#05003)
One IBM Plaza
Chicago, IL 60611
(312) 222-9350


-and-


ANDREW FRIEDMAN


By: /s/ Joette S. Doran _____
         His Attorney



Joette S. Doran
Joette S. Doran & Associates, PC
2300 North Barrington Road, Suite 400
Hoffman Estates, Illinois 60169
(847) 490-5309

*Attorney for Andrew Friedman*

8

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CLEAR CHANNEL BROADCASTING, INC., )<br>Plaintiff, )<br>v. )<br>)<br>THE TRIBUNE COMPANY, LOCAL TV LLC, )<br>and ANDREW FRIEDMAN, )<br>Defendants. )<br>) | No. 08 cv 2884<br><br>Judge Joan B. Gottschall<br>Magistrate Judge Susan E. Cox |

### DECLARATION OF TERRI L. MASCHERIN IN SUPPORT OF JOINT MOTION OF THE TRIBUNE COMPANY, LOCAL TV LLC, AND ANDREW FRIEDMAN TO QUASH PLAINTIFF'S SUBPOENAS TO NONPARTIES MICROSOFT AND YAHOO OR FOR A PROTECTIVE ORDER

Terri L. Mascherin, under penalty of perjury, declares as follows:

1.  I am an attorney admitted to practice in the State of Illinois and before the United States District Court for the Northern District of Illinois. I am one of the counsel for record for Defendants The Tribune Company and Local TV LLC in this action. I make this Declaration from my personal knowledge. If called to testify I would be competent to testify to the facts stated in this Declaration.

2.  On Friday, May 30, 2008 I had a telephone conversation with Linda Stevens, one of the counsel representing Plaintiff Clear Channel in this case, regarding subpoenas that she proposed to serve upon Microsoft and Yahoo ("the Subpoenas"). Ms. Stevens has since served both of those subpoenas, and they are the subject of Defendants' Joint Motion to Quash.

3.  In that telephone conversation I asked Ms. Stevens why Plaintiff believes the individuals whose email communications are sought in the Subpoenas are relevant to this case. She responded that they are all individuals with whom Clear Channel believes Mr. Friedman had

communicated from his personal email addresses since Mr. Friedman accepted employment with Local TV.

4. I also asked Ms. Stevens why Clear Channel was seeking Mr. Friedman's email communications dating back to November 2007 when the record reflects that Mr. Friedman did not contact personnel at The Tribune regarding possible employment until March or April 2008. In a previous telephone conversation, Ms. Stevens had stated that she "had proof" of relevant communications in the fall of 2007. I asked Ms. Stevens to share that proof with Defendants. She declined.

5. I told Ms. Stevens that the Subpoenas appeared to be overbroad and asked her if she would be willing to limit them both as to individuals and as to date. She was not willing to limit them.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

_____
Terri L. Mascherin

Dated: June 3, 2008