**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CLEAR CHANNEL BROADCASTING, INC., )<br>Plaintiff, )<br>v. )<br>)<br>THE TRIBUNE COMPANY, LOCAL TV LLC, )<br>and ANDREW FRIEDMAN, )<br>Defendants. )<br>) | No. 08 cv 2884<br><br>Judge Joan B. Gottschall<br>Magistrate Judge Susan E. Cox |

**EMERGENCY MOTION OF THE TRIBUNE COMPANY, LOCAL TV LLC, AND ANDREW FRIEDMAN TO VACATE MINUTE ORDER SETTING PRELIMINARY INJUNCTION HEARING AND ORDER PERMITTING EXPEDITED DISCOVERY BECAUSE DEFENDANTS AGREE TO INTERIM RELIEF**

Defendants The Tribune Company ("Tribune"), Local TV LLC ("Local TV"), and Andrew Friedman ("Friedman" and collectively "Defendants"), by their attorneys, respectfully move this Court to vacate both its May 23 Order permitting expedited discovery in this case and its June 4 Minute Order scheduling a preliminary injunction hearing for June 10, 2008 because Defendants are willing to agree voluntarily to the following interim relief: (1) the Temporary Restraining Order may be extended to permit Friedman and Plaintiff Clear Channel to commence arbitration of the claims between them; (2) Defendants Tribune and Local TV will not employ Mr. Friedman until the sooner of 60 days from his last day of work (until July 19, 2008) or dismissal of this action; and (3) if Defendants Tribune and Local TV have received from Friedman and still possess business documents (whether in paper or electronic form) belonging to Clear Channel, Defendants will return those materials and will not use or disclose them. In support of their Motion, Defendants state as follows:

# INTRODUCTION

1.      On May 23, 2008, this Court entered a 10-day TRO against Defendant Friedman enjoining him from performing certain services for Tribune or Local TV and from disclosing or using any confidential trade secrets he may have obtained while working for Clear Channel. The Court also granted Clear Channel's motion for expedited discovery and offered to promptly schedule a preliminary injunction hearing in this matter.

2.      On June 4, 2008, the Court issued a minute order striking a June 5, 2008 status hearing and setting a preliminary injunction hearing for June 10, 2008.

3.      The Court's Orders to allow expedited discovery and scheduling a preliminary injunction hearing should now be vacated based upon changed circumstances. It is undisputed that each of Clear Channel's claims against Friedman is subject to arbitration. Since entry of the TRO, Friedman has agreed to Clear Channel's request to submit the claims against him to an expedited arbitration proceeding, and Clear Channel has commenced such an arbitration. Without waiving any defenses or admitting to liability, Friedman is willing to continue the TRO in effect as to him to allow that arbitration to proceed. Given the pendency of that arbitration and Friedman's agreement to extend the TRO, it would be improper for the Court to permit discovery or conduct a preliminary injunction hearing as to the claims against Friedman.

4.      With respect to Clear Channel's claims against Tribune and Local TV, there no longer is any need for expedited discovery or a preliminary injunction, because, without waiving any defenses or admitting to liability, Tribune and Local TV are willing to agree voluntarily to interim relief. Given that Friedman's employment agreement provides only for a 60-day non-compete period, and given that the cost to litigate a preliminary injunction hearing may exceed

the cost of Friedman's annual compensation, Tribune and Local TV have informed Clear Channel that they will voluntarily agree not to employ Friedman for the full 60 days of his non-compete agreement. Likewise, Tribune and Local TV have told Clear Channel that they will not use and will promptly return any Clear Channel business information that they received from Friedman, if they possess any such information.

5. Given all Defendants' willingness to agree to this interim relief, Clear Channel's request for an additional preliminary injunction is moot. Thus, Defendants request that the court vacate its orders granting expedited discovery and setting a preliminary injunction hearing.

## PROCEDURAL BACKGROUND

6. Clear Channel's complaint contends, among other things, that Defendant Andrew Friedman breached his employment agreement with Clear Channel and misappropriated trade secrets. (Compl. ¶ 1.) Mr. Friedman's employment agreement contains a broad mandatory arbitration clause applying to: "any dispute, controversy or claim, whether based on contract, tort, statute . . . or otherwise, relating to, arising from or connected in any manner to this Agreement, or to the alleged breach of this Agreement, or arising out of or relating to [Friedman's] employment or termination of employment." (Compl. Ex. A; Employment Agreement ¶ 16.) Under that arbitration clause, all of the claims that Clear Channel has asserted against Friedman in this case must be arbitrated.

7. Clear Channel also asserts claims of tortious interference with contract and inducement of fiduciary breaches against the Tribune alone, and misappropriation of trade secrets and common law unfair competition against each of Friedman, the Tribune, and Local TV. Clear Channel's complaint alleges that Tribune induced Friedman to breach his employment contract with Clear Channel in order to work for Tribune and/or Local TV and that

that was done with the intent and purpose of misappropriating Clear Channel's confidential trade secrets. (Compl. ¶ 25-28.)

8. At the same time it filed this suit, Clear Channel filed a Motion for Temporary Restraining Order and Preliminary Injunction seeking, among other things, to enjoin Friedman preliminarily from working for Tribune and/or Local TV. Clear Channel argued in its motion that it was entitled to that (and other) injunctive relief based on three of the claims in its complaint: breach of contract, misappropriation of trade secrets, and tortious interference with contract. (Clear Channel's Mem. in Support of Mot. for TRO and Preliminary Injunction at 1-13.) At the hearing, Clear Channel asserted orally through counsel that its Computer Fraud and Abuse Act claim was another basis for injunction against Friedman.

9. In connection with its injunction motion, Clear Channel also filed a Motion for Expedited Discovery. In that motion, Clear Channel argued that expedited discovery was appropriate "to prepare for [the] preliminary injunction hearing." (Mot. for Exp. Disc. at 2.)

10. Also on May 19, 2008, Clear Channel sent Friedman a Demand for Arbitration pursuant to his employment agreement and convened the arbitration before the AAA. (Employment Agreement ¶ 16.)

11. On May 23, 2008, this Court granted in part and denied in part Plaintiff's Motion for Temporary Restraining Order. The Court granted Clear Channel's request to temporarily restrain Friedman from performing certain job duties for Tribune or Local TV for ten days, and from using or disclosing Clear Channel trade secrets, but denied any relief as to Tribune or Local TV. (Temporary Restraining Order at 2.) Indeed, the Court expressly found that "Clear Channel has not shown it has a likelihood of success on the merits of [its] claim" against Tribune Company and Local TV. (May 23, 2008 Order at 1.) In particular, the Court ruled that Clear

Channel had not made even an initial showing of any likelihood of success on its tortious interference with contract claim against the Tribune, finding that the evidence showed that Friedman "made the initial outreach, not Tribune or Local TV." (*Id.* at 1.)

12. Although the Temporary Restraining Order enjoins only Friedman, it has the same practical effect on Tribune and Local TV. Friedman is enjoined from working in any meaningful capacity for ten days, so Tribune and Local TV cannot employ him. Friedman is also enjoined from using or disclosing Clear Channel trade secrets for ten days, so Tribune and Local TV have no access to any supposed Clear Channel trade secrets, and Tribune and Local TV have no desire or need to possess or use any such information in any event.

13. The Court also granted Clear Channel's motion for expedited discovery, stating that an imminent preliminary injunction hearing and expedited discovery were necessary "based on the potential damage to Defendants caused by a temporary restraining order and the limited evidence presented supporting thus far supporting Plaintiff's argument." (May 23 Order at 2.)

14. On June 4, 2008, the Court entered a minute order striking an in-court status hearing scheduled for June 5, 2008 and setting a preliminary injunction hearing for June 10, 2008. Defendants had intended to inform the Court at that status hearing that they are wiling to agree to interim relief as described in this Motion. Defendants had so informed counsel for Clear Channel.

15. Defendant Friedman has consented to arbitration  Because Friedman is willing to extend the current TRO long enough for that arbitration to proceed, this Court cannot and should not take any further action with respect to the claims against Friedman. Pursuant to the Federal Arbitration Act, an arbitrator now has jurisdiction over all of Plaintiff's claims against Friedman, including that Friedman breached his employment contract and misappropriated trade secrets, the

only claims on which the Court found any likelihood of success to support entry of a Temporary Restraining Order against Friedman.

16. Because the only claims against Friedman on which the Court based entry of a Temporary Restraining Order are now subject to arbitration, and because the other Defendants are willing to agree not to employ him and to return and not to use any Clear Channel business information that Friedman provided to them (if any), there is no imminent need to conduct a preliminary injunction hearing in this case or to require the parties to expend significant cost and effort to conduct expedited discovery. There is simply no threat of imminent irreparable harm as to any of Clear Channel's claims.

## ARGUMENT

17. The Court should vacate its May 23 Order permitting expedited discovery and its June 4 order setting a preliminary injunction hearing because the only claims on which the Temporary Restraining Order was based, and in fact all of Clear Channel's claims against Friedman, are subject to arbitration. When an action is subject to arbitration, it is improper for a court to maintain jurisdiction to oversee discovery or to grant pre-arbitration discovery. *Fueling Advanced Techs., Inc. v. Ford Motor Co.*, No. 97 C 6479, 1997 WL 733897, at *2 (N.D. Ill. Nov. 14, 1997) (denying plaintiff's motion for pre-arbitration discovery); *Trustees of Chicago Truck Drivers Helpers & Warehouse Workers Union (Independent) Pension Fund v. Rentar Indus.*, Inc., No. 88 C 3216, 1989 WL 153559, at *7 (N.D. Ill. Nov. 8, 1989)(denying motion to compel discovery because suit was being referred to arbitration); *Corpman v. Prudential-Bache Sec.*, 907 F.2d 29, 31 (3d Cir. 1990) ("[w]here an action has been stayed pending arbitration, a district court may not permit the parties to conduct discovery under the Federal Rules of Civil Procedure").

18.     "It is well established that discovery regarding matters to be arbitrated is generally denied, absent exceptional circumstances." *Thomas O'Connor & Co. v. Ins. Co. of North America*, 697 F. Supp. 563, 567 (D. Mass. 1988).  That is because permitting discovery in both the district court and the arbitral forum is "a great waste of resources and frustrates the basic purpose of the Arbitration Act which is to avoid the delay and expense of litigation." *Fueling Advanced Techs*, 1997 WL 733897, at *2 (*citing Hires Parts Serv., v. NCR Corp.*, 859 F. Supp. 349, 353 (N.D. Ind. 1994)). "The discovery and deposition rules of the Federal Rules of Civil Procedure (FRCP) apply to actions under the Federal Arbitration Act by virtue of Fed. R. Civ. P. 81(a)(3), but only as to questions such as arbitrability of the dispute and not as to the merits of the controversy sought to be arbitrated. Thus, the court will not grant a preliminary order restraining arbitration pending discovery and generally will not order discovery with regard to a matter ordered to arbitration."  Fed. Procedure § 4:12 (2008).

19.     Clear Channel has initiated an arbitration regarding its claims against Friedman, including breach of contract and misappropriation of trade secrets.  In its demand, Clear Channel expressly asked the arbitration panel to grant injunctive relief similar to the relief requested here.  Although the parties disagree on the merits of Clear Channel's claims against Friedman, they agree that those claims are subject to arbitration.

20.     Under the authorities cited above, this Court should not permit discovery or conduct a preliminary injunction hearing relating to any claims that are within the jurisdiction of an arbitration panel -- which includes all of Clear Channel's claims against Friedman.

21.     With Clear Channel's claims against Friedman subject to arbitration, its claims against Tribune and Local TV do not justify the substantial burden or cost of either a preliminary injunction hearing or expedited discovery.  To avoid that expense, Tribune and Local TV are

willing to agree to interim relief that is sufficient to protect Clear Channel against any imminent harm.

22.     As to Clear Channel's claim for misappropriation of trade secrets and interference with Friedman's employment agreement against Tribune and Local TV, the Court has already enjoined Freidman from meaningfully working for anyone and from using or disclosing trade secrets.  Tribune and Local TV are willing to agree: (1) not to employ Friedman for 60 days from his last day of work (until July 19, 2008); and (2) if Defendants Tribune and Local TV have received from Friedman and still possess business documents (whether in paper or electronic form) belonging to Clear Channel, to return those materials and not to use or disclose them.  Given that relief, Clear Channel's purported trade secrets are amply protected.

23.     As noted above, the Court's stated basis for ordering an imminent preliminary injunction hearing and expedited discovery was "the potential damage to Defendants caused by a temporary restraining order and the limited evidence presented supporting thus far supporting Plaintiff's argument."  (May 23 Order at 2.)  The potential damage to Defendants caused by a temporary restraining order is no longer an issue because Tribune and Local TV are willing, voluntarily, not to employ Mr. Friedman for a period of up to 60 days and to return any Clear Channel business information in their possession, custody, or control.  That is effectively the only relief that Clear Channel could obtain in preliminary injunction hearing against Tribune and Local TV.

## **CONCLUSION**

WHEREFORE, Defendants request that the Court vacate its May 23, 2008 Order to the extent it permits the parties to conduct expedited discovery and its June 4, 2008 minute entry setting a preliminary injunction hearing for June 10, 2008 and issue an order reflecting the voluntary interim relief to which Defendants have agreed, as set forth in this Motion. A proposed form of order is attached as Ex. A.

Dated: June 4, 2008

Respectfully submitted,

THE TRIBUNE COMPANY AND LOCAL TV LLC

By: /s/ John F. Ward, Jr.         .
       One of their Attorneys

David J. Bradford
Terri L. Mascherin
John F. Ward, Jr.
Jason J. Green
JENNER & BLOCK LLP (#05003)
One IBM Plaza
Chicago, IL 60611
(312) 222-9350

-and-

ANDREW FRIEDMAN

By: /s/ Joette S. Doran         .
       His attorney

Joette S. Doran
Joette S. Doran & Associates, PC
2300 North Barrington Road, Suite 400
Hoffman Estates, Illinois 60169
(847) 490-5309

*Attorney for Andrew Friedman*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CLEAR CHANNEL BROADCASTING, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 08 cv 2884 |
| | ) | |
| THE TRIBUNE COMPANY, LOCAL TV LLC, | ) | Judge Joan B. Gottschall |
| and ANDREW FRIEDMAN, | ) | Magistrate Judge Susan E. Cox |
| Defendants. | ) | |
| | ) | |

**[PROPOSED] ORDER**

This matter comes before the Court on the Emergency Motion of the Tribune Company, Local TV LLC, and Andrew Friedman to Vacate Minute Order Setting Preliminary Injunction Hearing and Order Permitting Expedited Discovery Because Defendants Agree to Interim Relief. That Motion is GRANTED, and it is hereby ORDERED:

1. The preliminary injunction hearing set for June 10, 2008 in this Court's June 4, 2008 Minute Order is hereby vacated.

2. To permit Defendant Andrew Friedman ("Friedman") and Plaintiff Clear Channel ("Clear Channel") to commence arbitration of the claims between them, the Temporary Restraining Order entered on May 23, 2008 is extended in effect until July 19, 2008 (60 days from Friedman's last day of work) or completion of arbitration, whichever is sooner.

3. This Court's May 23, 2008 Order granting Clear Channel's Motion for Expedited Discovery is vacated.

4. By agreement, Friedman will not do any work for Defendants The Tribune Company ("Tribune") or Local TV LLC ("Local TV") until after July 19, 2008, which is 60 days

from May 20, 2008, the first day on which Tribune and Local TV voluntarily agreed not to permit Friedman to perform work for either Tribune or Local TV.

5. By agreement, Tribune and Local TV will return to Clear Channel and will not use or disclose any business documents (whether in paper or electronic form) in their possession and provided to them by Friedman which belong to Clear Channel.

6. By agreeing to this interim relief, no Defendant is waiving any of its rights, claims, or defenses that it otherwise has, or admitting any liability.

SO ORDERED.

ENTERED:

_____
Honorable Joan B. Gottschall

DATED:

_____