IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CLEAR CHANNEL BROADCASTING, INC., ) | |
| Plaintiff, ) | |
| v.  ) | No. 08 cv 2884 |
| ) | |
| THE TRIBUNE COMPANY, LOCAL TV LLC, ) | Judge Joan B. Gottschall |
| and ANDREW FRIEDMAN, ) | Magistrate Judge Susan E. Cox |
| Defendants. ) | |
| ) | |

## THE TRIBUNE COMPANY AND LOCAL TV LLC'S MOTION TO DISMISS

Defendants The Tribune Company ("Tribune") and Local TV LLC ("Local TV") by their attorneys, Jenner & Block LLP, respectfully move this Court pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6) for an Order dismissing all claims against them. In support of this motion, Tribune and Local TV submit their Memorandum in Support, with exhibits, and state as follows:

1.  In its Complaint, Clear Channel Broadcasting, Inc. ("Clear Channel") alleges two bases for subject matter jurisdiction with respect to its claims against Tribune and Local TV, diversity jurisdiction under 28 U.S.C. § 1332 and supplemental jurisdiction under 28 U.S.C. § 1367. The Court should dismiss all claims against Tribune and Local TV because each of those alleged bases for jurisdiction is fatally flawed.

2.  There is no diversity jurisdiction because Local TV and Clear Channel are both citizens of Texas. Local TV is a limited liability company whose citizenship is determined as a matter of law by the citizenship(s) of each and every member of the company. (Mem. in Support, Ex. A, Certification of Formation and Certificate of Good Standing.) Local TV is a

citizen of Texas because one of its ultimate members is a Texas citizen. (Mem. in Support, Ex. B, Dec. of Kevin G. Levy.)

3. This Court should decline supplemental jurisdiction as improvident under 28 U.S.C. § 1367(c) because no federal claim pleaded in the Complaint can be decided in this Court. Clear Channel uses the artifice of pleading a single federal claim under the Computer Fraud and Abuse Act against only Defendant Andrew Friedman ("Friedman") -- a claim which undisputedly can only be decided in arbitration -- and then attempts to use that claim to bootstrap Tribune and Local TV into federal court under the guise of supplemental jurisdiction. The Court should reject that artifice. Likewise, the Court should decline to exercise supplemental jurisdiction under Section 1367(c)(2) because Clear Channel's state law claims predominate over its sole federal claim against Friedman -- indeed, the sole federal claim pleaded in the Complaint cannot be decided by this Court.

3. Even if the exercise of supplemental jurisdiction over Clear Channel's claims against Tribune and Local TV were proper (which it is not), the Court should dismiss Clear Channel's claim for misappropriation of trade secrets because Clear Channel cannot as a matter of law demonstrate a protectable trade secret in its strategies for national and local interactive content.

4. The Court should also dismiss Clear Channel's claims for tortious interference with contract, inducement of fiduciary breaches, and common law unfair competition because those claims are preempted by the Illinois Uniform Trade Secrets Act.

## CONCLUSION

WHEREFORE, Defendants Tribune and Local TV request that the Court dismiss all claims against Tribune and Local TV and grant such further relief as the Court deems appropriate.

Dated: June 9, 2008

Respectfully submitted,

THE TRIBUNE COMPANY AND LOCAL TV LLC

By: /s/ John F. Ward, Jr.
    One of their Attorneys

David J. Bradford
Terri L. Mascherin
John F. Ward, Jr.
Jason J. Green
JENNER & BLOCK LLP (#05003)
One IBM Plaza
Chicago, IL 60611
(312) 222-9350

3